Neil S. Lerner (SBN 134031)
Thomas M. Fedeli (SBN 314647)
**COX WOOTTON LERNER**
**GRIFFIN & HANSEN, LLP**
12011 San Vicente Blvd # 600
Los Angeles, CA 90049
Telephone Number: (310) 440-0020
Fax Number: (310) 440-0015
E-mail: nsl@cwlfirm.com; tfedeli@cwlfirm.com

Steven E. Goldman, Esq.
(*pro hac vice admission* pending)
**GOLDMAN & HELLMAN**
800 S.E. 3rd Avenue
4th Floor
Fort Lauderdale, Florida 33316
Telephone Number: (954) 356-0460
Fax Number: (954) 832-0878
E-mail: steven@goldmanandhellman.com

Attorneys for Plaintiff,
Great Lakes Insurance SE

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAT LAKES INSURANCE SE <br><br> Plaintiff, <br><br> vs. <br><br> THOMAS AARVIK, CHERYL AARVIK, and RICK OBEY, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT** <br><br> IN ADMIRALTY |

COMES NOW the Plaintiff, GREAT LAKES INSURANCE SE, by and through its undersigned attorneys, and for its Complaint seeking this Court's Declaratory Judgment would respectfully state as follows:

### JURISDICTION AND VENUE

    1.    This is an action for declaratory relief pursuant to Title 28 of the

United States Code, sec. 2201 *et seq*, in that a present controversy exists between the parties hereto in which the Plaintiff asks this Court to adjudicate and determine the rights of the parties to a contract of marine insurance, which is in dispute.

2.    Venue lies within the Central District of California as this cause arises out of a policy of marine insurance delivered by the Plaintiff to the above named Defendants, via the said Defendants' agent with its office located in Newport Beach, California.

3.    This is an admiralty and maritime cause within the meaning of Rules 9(h) and 38(e) of the Federal Rules of Civil Procedure, and this Court has jurisdiction pursuant to Title 28 of the United States Code, sec. 1333.

4.    Plaintiff, GREAT LAKES INSURANCE SE, (hereinafter "GREAT LAKES") is a corporation organized and existing under the laws of the United Kingdom, with its office and principal place of business located in the United Kingdom, in the City of London.

5.    Upon information and belief, the Defendant THOMAS AARVIK is a citizen of and a resident of the State of California.

6.    Upon information and belief, the Defendant CHERYL AARVIK is a citizen of and a resident of the State of California.

7.    Upon information and belief, the Defendant RICK OBEY is a citizen of and a resident of the State of Florida.

## FACTUAL ALLEGATIONS

8.    On or about December 18, 2017, the Plaintiff "GREAT LAKES" in exchange for good and valuable consideration issued to the Defendants named herein its Marine Insurance Policy No. CSRYP/164007 affording Hull & Machinery coverage in the amount of $250,000.00 on a 1993 80 ft. Baia motor yacht named "OUR NAUTI DREAM" which was alleged to be owned by the said Defendants.

9.    A true and correct copy of the Temporary Binder and the policy

language for Plaintiff's Policy No. CSPYP/164007 is attached hereto as Exhibit "A."

10.   The coverage afforded under Policy No. CSRYP/164007 was effective for the period from December 18, 2017 through December 18, 2018.

11.   Defendant RICK OBEY is referenced in Exhibit "A" as a Loss Payee.

12.   On or about January 1, 2018, while Plaintiff's Policy No. CSPYP/164007 was in full force and effect, the 1993 80 ft. Baia motor yacht named "OUR NAUTI DREAM" which was allegedly owned by the said Defendants named herein was discovered to be taking on water at its dock located at 3641 West State Road 84 in Fort Lauderdale, Florida.  Salvors were summoned, but prior to their arrival the ingress of water could not be stopped and the vessel sank at its slip, resulting in extensive damage to the hull, engine, mechanical and electrical elements.

13.   Upon receipt of the first notice of the January 1, 2018 incident described herein, Plaintiff caused an investigation to be made into the facts and circumstances surrounding the said incident.

14.   The said investigation established that as of the time of the incident referenced herein, the insured vessel was connected to a dock-side water supply, and that a hose became disconnected at a Tee-fitting which allowed fresh water to intrude into the interior of the vessel. The said investigation further established that the positive wire to the insured vessel's aft bilge pump was disconnected, rendering that bilge pump useless. The vessel sank lower on its lines, allowing seawater to flood the vessel's interior because of the port engine exhaust system becoming disconnected and left unsealed.

15.   The said investigation established that the damage sustained by the insured vessel was not due to anything of a fortuitous nature and was not an event for which Plaintiff's policy of marine insurance would afford any coverage.

COMPLAINT FOR DECLARATORY JUDGMENT

16.    The said investigation established that the vessel allegedly owned by the Defendants was in unseaworthy condition both prior to and also as of the date and time of the January 1, 2018 incident described herein.

17.    The said investigation established that the damage sustained by the insured vessel was caused by wear and, tear, gradual deterioration, lack of maintenance, etc.

18.    The said investigation established that the damage sustained by the insured vessel's engines, mechanical and electrical parts, etc., was not caused by an accidental external event.

19.    The said investigation established that no current out of water survey had been performed or obtained by the Defendants prior to or at the time of the January 1, 2018 incident described herein.

20.    Notwithstanding the facts established by Plaintiff's said investigation, the Defendants have made a claim against the Plaintiff under the terms of Policy No. CSPYP/164007 demanding payment of the full insured value of the vessel or the full price for effecting extensive repairs the vessel insured under the terms of the said policy.

## FIRST CAUSE OF ACTION

21.    Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 8 through 20 as if set forth fully herein.

22.    Plaintiff's policy states, in pertinent part:

2.    INSURING AGREEMENT

This is a legally binding insurance contract between you and us, incorporating in full the application signed by you. We will provide the insurance coverage described in this insuring agreement, in return for payment to us of the premium due and compliance by covered persons with the provisions, conditions and warranties of this insuring agreement.

3.   Coverage A, Hull, Machinery, Equipment and Dinghy

If a sum insured is shown for Section "A" of the insuring agreement declarations page, we provide coverage for accidental physical loss of, or damage to a scheduled vessel which occurs during the period of this insuring agreement and within the limits set out in the insuring agreement declarations page, subject to the insuring agreement provisions, conditions, warranties, deductibles and exclusions.

23.   The incident in which the Defendants' vessel sustained damage on January 1, 2018 does not constitute an accidental physical loss for which coverage would be afforded under the express terms and provisions of Plaintiff's policy of marine insurance.

24.   Notwithstanding the lack of any coverage under Plaintiff's policy of marine insurance, each of the Defendants named herein have made demand upon Plaintiff for payment of an amount equal to the full insured value of the vessel or the full amount necessary to effect repairs to, or to replace, the vessel insured under the said terms of the said policy of marine insurance

25.   As a result of the aforesaid lack of coverage under the terms of policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/164007.  Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

26.   As a result of the Defendants' demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights

under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## SECOND CAUSE OF ACTION

27.    Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 8 through 20 as if set forth fully herein.

28.    Plaintiff's policy states, in pertinent part:

> 9.  General Conditions & Warranties
>
> ******
>
> b)    It is warranted that the scheduled vessel is seaworthy at all times during the duration of this insuring agreement. Breach of this warranty will void this insuring agreement from its inception.

29.    The post-incident investigation carried out by the Plaintiff established that the vessel allegedly owned by the Defendants was in unseaworthy condition both prior to and also as of the date and time of the January 1, 2018 incident described herein.

30.    The Defendants named herein were therefore in breach of the said express warranty set forth in Plaintiff's policy of marine insurance and therefore was in breach of the duties imposed upon the Defendants by the express terms of the Plaintiff's policy.

31.    Defendants' breach of the express warranty set forth in the Plaintiff's policy of marine insurance renders the said policy void ab initio and/or entitles the Plaintiff to declare the said policy void.

32.    Defendants' breach of the warranty set forth in the Plaintiff's policy of marine insurance permits the Plaintiff to avoid liability for the costs of repairing or replacing the vessel as a result of the incident of January 1, 2018.

33.    Notwithstanding the said breach of an express warranty and the

lack of any coverage under Plaintiff's policy of marine insurance, Defendants named herein have made demand upon Plaintiff for payment of an amount equal to the full insured value of the vessel or to the full amount necessary to effect repairs to, or in the alternative, to replace, the vessel insured under the terms of the said policy of marine insurance.

34.    As a result of the Defendants' breach of an express warranty and the aforesaid lack of coverage under the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/164007.  Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

35.    As a result of the Defendants demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## THIRD CAUSE OF ACTION

36.    Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 8 through 20 as if set forth fully herein.

37.    Plaintiff's policy states, in pertinent part:

Exclusions to Coverage A

Unless specifically agreed by us in writing and additional premium charged the following losses and/or damages (whether incurred directly or indirectly) are not covered by this insuring agreement:

****** 

b)      Losses due to wear and tear, gradual deterioration, lack of maintenance, inherent vice, weathering, insects, mould, animal and marine life.

38.     The incident in which the Defendants' vessel sustained damage on January 1, 2018 was due to wear and tear, gradual deterioration, lack of maintenance, etc., for which coverage is excluded under the express terms and provisions of Plaintiff's policy of marine insurance.

39.     Notwithstanding the lack of any coverage under Plaintiff's policy of marine insurance, Defendant have made demand upon Plaintiff for payment of an amount equal to the full insured value of the vessel or to the full amount necessary to effect repairs to, or to replace, the vessel insured under the said terms of the said policy of marine insurance.

40.     As a result of the aforesaid lack of coverage under the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/164007.  Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

41.     As a result of the Defendants' demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

///

## FOURTH CAUSE OF ACTION

42.     Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 8 through 20 as if set forth fully herein.

43.   Plaintiff's policy states, in pertinent part:

Exclusions to Coverage A

Unless specifically agreed by us in writing and additional premium charged the following losses and/or damages (whether incurred directly or indirectly) are not covered by this insuring agreement:

\*\*\*\*\*\*

r)     Damage to the Scheduled Vessel's engines, mechanical and electrical parts, unless caused by an accidental external event such as collision, impact with a fixed or floating object, grounding, stranding, ingestion of foreign object, lightning strike or fire.

44.     The incident in which the Defendants' vessel sustained damage on January 1, 2018 was not caused by an accidental external event such as collision, etc., and coverage is therefore excluded under the express terms and provisions of Plaintiff's policy of marine insurance.

45.     Notwithstanding the lack of any coverage under Plaintiff's policy of marine insurance, Defendant have made demand upon Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to, or to replace, the vessel insured under the said terms of the said policy of marine insurance.

46.     As a result of the aforesaid lack of coverage under the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/164007. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

47.   As a result of the Defendants' demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## FIFTH CAUSE OF ACTION

48.   Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 8 through 20 as if set forth fully herein.

49.   Plaintiff's policy states, in pertinent part:

9.  General Conditions & Warranties

******

r)   Unless we agree in writing to the contrary, if we request a survey of the Scheduled Vessel then it is warranted that such survey is in existence prior to the effective date of this insurance and a copy of the same must be received by is within 30 days of the effective date of this agreement.  If the survey makes any recommendations with respect to the Scheduled Vessel, then it is warranted that all such recommendations are completed prior to any loss giving rise to any claim hereunder, by skilled workmen using fit and proper materials…

50.   The post-incident investigation carried out by the Plaintiff established that there was no survey done or in existence prior to the effective date of the insurance described herein at the date and time of the January 1, 2018 incident described herein.

51.   The Defendants named herein were therefore in breach of the said express warranty set forth in Plaintiff's policy of marine insurance and therefore was in breach of the duties imposed upon the Defendants by the express terms of

the Plaintiff's policy.

52.   Defendants' breach of the express warranty set forth in the Plaintiff's policy of marine insurance renders the said policy void ab initio and/or entitles the Plaintiff to declare the said policy void.

53.   Defendants' breach of the warranty set forth in the Plaintiff's policy of marine insurance permits the Plaintiff to avoid liability for the costs of repairing or replacing the vessel as a result of the incident of January 1, 2018.

54.   Notwithstanding the said breach of an express warranty and the lack of any coverage under Plaintiff's policy of marine insurance, Defendants named herein have made demand upon Plaintiff for payment of an amount equal to the full insured value of the vessel or to the full amount necessary to effect repairs to, or in the alternative, to replace, the vessel insured under the terms of the said policy of marine insurance.

55.   As a result of the Defendants' breach of an express warranty and the aforesaid lack of coverage under the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/164007.  Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

56.   As a result of the Defendants demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

///

## SIXTH CAUSE OF ACTION

57.    Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 8 through 20 as if set forth fully herein.

58.    The Defendant "RICK OBEY" is named in Plaintiff's policy of marine insurance No. CSRYP/164007 as a simple loss payee.

59.    The Defendants "THOMAS AARVIK" and "CHERYL AARVIK" never at any time sought or requested any additional or further insurance coverage of the type that might have provided additional coverage for any party named in Plaintiff's policy of marine insurance as a simple loss payee.

60.    Accordingly, as stated, the Defendant "RICK OBEY" is named in Plaintiff's policy of marine insurance as a simple loss payee and the said Defendant is entitled to no additional or further coverage over or beyond that which is provided to or available to the Defendants "THOMAS AARVIK" and "CHERYL AARVIK."

61.    Notwithstanding the fact that Plaintiff's policy of marine insurance clearly and unambiguously provides no additional or further coverage for "RICK OBEY" other than as a simple loss payee, the Plaintiff reasonably and in good faith believes that the said Defendant will make demand upon Plaintiff for payment of the full agreed value of the vessel as set forth in the policy.

62.    As a result of Plaintiff's aforesaid good faith belief and the lack of any additional or further coverage under the terms of Plaintiff's policy of marine insurance attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's declaratory judgment regarding coverage afforded under the terms of Policy No. CSRYP/164007. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policies construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

63.    As a result of the Defendants' demands for payment under the

terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

///

WHEREFORE, Plaintiff demands judgment from the Court:

(A)   Declaring that the relationship of insurer and insured does not exist between Plaintiff and the Defendants named herein as regards the incident of January 1, 2018 in which the insured vessel sustained damage;

(B)   Declaring that Plaintiff's Policy No. CSRYP/164007 does not afford coverage to the Defendants named herein for the incident of January 1, 2018 in which the insured vessel sustained damage;

(C)   Declaring that neither the incident of nor the damage resulting from the incident of January 1, 2018 constitute an accidental physical loss;

(D)   Declaring that coverage for the incident of January 1, 2018 is excluded under the terms of clear and unambiguous exclusions set forth in Plaintiff's policy;

(E)   Declaring that the breach of the policy's warranty of seaworthiness by the Defendants as described herein voids the Plaintiff's Policy No. CSRYP/164007 ab initio and relieves the Plaintiff from any and all liability to the said Defendants under the terms of the Hull & Machinery coverage afforded under the said policy of marine insurance;

(F)   Declaring that any and all damage sustained by the vessel's engines, mechanical and electrical parts as a result of the incident of January 1, 2018 is excluded per the clear and unambiguous terms of the policy;

(G)   Declaring that the breach of the policy's express warranty regarding the existence of a current out of water survey as described herein voids

COMPLAINT FOR DECLARATORY JUDGMENT

the Plaintiff's Policy No. CSRYP/164007 ab initio and relieves the Plaintiff from any and all liability to the said Defendants under the terms of the Hull & Machinery coverage afforded under the said policy of marine insurance;

(H)     Declaring that the Defendant "RICK OBEY" is a simple loss payee under the terms of Plaintiff's policy of marine insurance;

(I)     Any and all such other and further relief as the Court may deem proper and appropriate in the premises.

Dated:  January 3Ō, 2018

> COX WOOTTON LERNER GRIFFIN
> & HANSEN LLP
> Attorneys for Plaintiff
> 12011 San Vicente Boulevard
> Suite 600
> Los Angeles, California 90049
> Tel (310) 440-0020
> Fax (310) 440-015
>
> By
> ────────────────────────────
>        NEIL S. LERNER ESQ.
>
>
> Steven E. Goldman, Esq.
> (*pro hac vice admission* pending)
> GOLDMAN & HELLMAN
> Attorneys for Plaintiff
> 800 S.E. 3rd Avenue
> 4th Floor
> Fort Lauderdale, Florida 33316
> Tel (954) 356-0460
> Fax (954) 832-0878